1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEJANDRO VELASQUEZ MENDOZA,

                    Plaintiff,

      v.

MICKEY C. ALVIS, *et al.*,

                    Defendants.

Case No. C22-924-TL-SKV

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
PLAINTIFF LEAVE TO AMEND

## I.      INTRODUCTION

Plaintiff Alejandro Mendoza is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has submitted to the Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 4. The Court, having reviewed Plaintiff's complaint, concludes that there are deficiencies in Plaintiff's pleading that must be corrected before this action proceeds. The Court therefore declines to order that Plaintiff's complaint be served on Defendants, but grants Plaintiff leave to file an amended complaint correcting the deficiencies identified below.

## II.      BACKGROUND

Plaintiff alleges in this action violations of his constitutional rights arising out of his confinement at the Monroe Correctional Complex ("MCC") - Special Offenders Unit ("SOU") in

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

2019.  Specifically, Plaintiff alleges in the first count of his complaint that in July 2019, Correctional Officers Mickey Alvis and Stephen Pope used excessive force against him, in violation of his rights under the Eighth Amendment, when they "attacked and assaulted" him, and thereafter fabricated reports regarding the use of force incident.  Dkt. 4 at 6-7.  Plaintiff claims that the officers concealed a razor in his sock and that they then questioned him about the razor which Plaintiff denied was in his possession.  *Id*. at 7.  Plaintiff was then placed in a nearby holding cell and the razor was then confiscated following a strip search conducted by Officer Pope.  *Id*.  After the razor was confiscated, Plaintiff was placed in handcuffs and then escorted to his assigned cell.  *Id*.

Plaintiff claims that upon arrival at his cell front, Officer Alvis "became malicious and attacked me because he was mad."  *Id*. at 8.  According to Plaintiff, Officer Alvis placed his hands on Plaintiff's head and slammed him to the ground, then "bent and contorted" Plaintiff's hand while making eye contact with Officer Pope, thereby encouraging him to "follow suit."  *Id*.  Plaintiff claims that Officer Pope then began to apply "contorted pressure" on his toe.  *Id*.  Plaintiff asserts that the officers sustained this "contorted pressure" for a long period of time while he screamed in pain.  *Id*.  Additional officers thereafter arrived at the location where the incident was unfolding and began screaming at Plaintiff to follow directives, including one that Plaintiff lay on his side even though he was already in that position.  *Id*.  Plaintiff claims that at one point after the additional officers arrived, an unidentified officer kicked him in the chin.  *Id*.

Plaintiff further claims that once he was in his cell, the officers deliberately falsified reports, stating that Plaintiff had threatened to kill them, and that they did so because Plaintiff requested evidence of the encounter and told officers he was going to sue them.  *Id*. at 8-9.  Plaintiff asserts that he was in excruciating pain following the assault and felt that bones had

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

been broken. *Id.* at 9. According to Plaintiff, x-rays were taken which indicated there were no fractures. *Id.* Plaintiff maintains, however, that he "suffered the pain of a fracture," and complains that he never received any follow-up or pain medications. *Id.*

Plaintiff alleges in the second count of his complaint that Officer Pope retaliated against him in violation of his rights under the First Amendment. *Id.* at 10. Though the facts alleged by Plaintiff in support of this claim are not entirely clear, Plaintiff appears to assert that Officer Pope filed false infractions against him in September 2019 because Plaintiff had threatened to sue him in relation to the alleged July 2019 excessive force incident. *See id.* Plaintiff claims that he was subsequently found not guilty of the infractions. *Id.*

Finally, Plaintiff alleges in the third count of his complaint that MCC-SOU Custody Unit Supervisor ("CUS") Ashen Deshev and MCC-SOU Superintendent Jack Warner violated his rights under the Fourth and Fourteenth Amendments when they were deliberately indifferent to "Policies, Practices, Customs, [and] Training." *Id.* at 11. As with Plaintiff's second claim for relief, the facts alleged by Plaintiff in support of his third claim for relief are somewhat unclear. Plaintiff appears to assert, however, that CUS Deshev, who was assigned to conduct the investigation into Plaintiff's grievance concerning the use of force incident, conspired to cover-up the excessive use of force. *Id.* at 11. Plaintiff also asserts that Superintendent Warner was responsible for "lack of training and supervising," apparently in relation to the investigation of staff misconduct as alleged by Plaintiff in the grievance investigated by CUS Deshev. *Id.* at 12.

Plaintiff identifies as Defendants in his complaint Correctional Officers Alvis and Pope, CUS Deshev, Superintendent Warner, and Washington Department of Corrections ("DOC") Manager Tim Thrasher. *Id.* at 4-5. Plaintiff seeks damages in the amount of $2 million. *Id.* at 13.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

### III.    DISCUSSION

**A.    Legal Standards**

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4

caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under 42 U.S.C. § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

### B.    Deficiencies

Plaintiff identifies Correctional Officers Alvis and Pope as the individuals involved in the alleged use of excessive force incident, and the facts alleged by Plaintiff are arguably sufficient to state a plausible claim for relief against these two individuals. The Court observes, however, that Plaintiff has included facts in support of his first claim for relief suggesting that other unidentified officers also employed excessive force against him and that he was denied adequate medical care for injuries suffered during the use of force incident. These allegations lack sufficient specificity to state viable claims for relief. If Plaintiff wishes to pursue such claims, he must identify with specificity the additional individuals allegedly involved in the use of force incident and the medical personnel who allegedly failed to provide adequate medical care. Plaintiff must also set forth clear and specific facts in the body of his amended complaint

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 5

demonstrating that such individuals personally participated in causing him harm of federal constitutional dimension.

To the extent Plaintiff alleges in the first count of his complaint that officers deliberately falsified reports against him, Plaintiff is advised that such claims do not implicate Eighth Amendment concerns and are, in fact, too vague and conclusory to implicate any of the named Defendants in the violation of his federal constitutional rights.

The facts alleged by Plaintiff in support of his First Amendment retaliation claim are likewise insufficient to state a viable claim for relief. A First Amendment retaliation claim in the prison context has five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate, (2) because of, (3) that prisoner's protected conduct, and that such action, (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). To prevail on a retaliation claim, "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation and internal quotation omitted). In addition, a plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). The Court evaluates a retaliation claim in light of the deference accorded to prison officials. *Id*. at 807.

Plaintiff alleges that Officer Pope filed false infractions against him in retaliation for Plaintiff threatening to sue him and for filing a grievance in relation to the alleged July 2019 use of force incident. Dkt. 4 at 10. Attachments to Plaintiff's complaint reveal that the two infractions referenced by Plaintiff were issued on successive days in September 2019 and that

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 6

1   Officer Pope alleged in both infractions that Plaintiff had directed abusive language towards

2   staff. *See* Dkt. 4-1 at 5, 8. Plaintiff indicates in his complaint that he was found not guilty of at

3   least one infraction, and he appears to be of the belief that this supports his claim that the

4   infractions were retaliatory. *See* Dkt. 4 at 10. However, this fact alone does not support the

5   conclusion that Plaintiff's threat to sue Officer Pope and/or his filing of a grievance relating to

6   the use of force incident were motivating factors behind Officer Pope's issuance of the

7   infractions and, indeed, there are additional facts in the record which weigh against such a

8   conclusion.

9       In particular, the Court notes that the alleged excessive force incident, when Plaintiff

10  apparently threatened to sue Officer Pope, occurred almost two months before Officer Pope

11  issued the infractions. The record also demonstrates that Plaintiff filed his grievance against

12  Officers Pope and Alvis concerning the excessive force incident a month and a half before

13  Officer Pope issued the infractions, and that the grievance had been resolved in the officers'

14  favor before the infractions were issued. It is also notable that Plaintiff received an infraction in

15  August 2019 for behavior consistent with that alleged in the two September infractions, and that

16  Plaintiff was found guilty of the infractions on that occasion. Dkt. 4-1 at 30. These facts

17  undermine the suggestion that Officer Pope's issuance of the September 2019 infractions was

18  related to the July 2019 incident. Moreover, the Court observes that Plaintiff has alleged no facts

19  in his pleading demonstrating that there was an absence of legitimate correctional goals

20  underlying Officer Pope's issuance of the infractions, a critical omission in Plaintiff's statement

21  of his retaliation claim. In sum, Plaintiff fails to state a plausible claim of retaliation against

22  Officer Pope.

23

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7

1    Finally, with respect to Plaintiff's final claim for relief, the claim is simply too vague and

2  confusing to state a plausible claim for relief against either CUS Deshev or Superintendent

3  Warner.  To the extent Plaintiff alleges that CUS Deshev conspired to cover up the use of

4  excessive force incident, he fails to allege any facts that might reasonably support such a claim.

5  To establish liability for a conspiracy in an action brought under § 1983, a plaintiff must

6  "demonstrate the existence of an agreement or meeting of the minds" to violate constitutional

7  rights.  *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino*

8  *Env'tl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)).  Plaintiff does not

9  identify who CUS Deshev conspired with, nor does he allege any facts demonstrating that there

10  was any agreement among any of the named Defendants to violate Plaintiff's constitutional

11  rights.

12    To the extent Plaintiff may intend to assert in the third count of his complaint that CUS

13  Deshev's conduct in relation to the grievance investigation was deficient, Plaintiff fails to

14  identify a viable claim for relief.  A prisoner does not have a constitutional right to a specific

15  grievance procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*,

16  855 F.2d 639, 640 (9th Cir. 1988). Thus, any claim alleging deficiencies in the grievance

17  investigation necessarily fails to state a claim for relief under § 1983.

18    To the extent Plaintiff claims that Superintendent Warner failed to properly train and

19  supervise his employees, Plaintiff fails to allege facts demonstrating that Superintendent Warner

20  participated in or directed any violation of Plaintiff's federal constitutional rights, or that he

21  knew of any violations and failed to act to prevent them.  Plaintiff's claim against Superintendent

22  Warner is too vague and conclusory to state a viable claim for relief.

23

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 8

Finally, the Court notes that though Plaintiff identifies DOC Manager Tim Thrasher as a Defendant in his complaint, Plaintiff asserts no claims against this Defendant in the body of his pleading.  If Plaintiff wishes to proceed against Mr. Thrasher, he must identify the conduct at issue, he must identify the constitutional right he believes was violated by Mr. Thrasher's conduct, and he must set forth clear and specific facts demonstrating that Mr. Thrasher's conduct rises to the level of a federal constitutional violation.

### IV.     CONCLUSION

Because of the deficiencies identified above, the Court declines to direct that Plaintiff's complaint be served on Defendants.  However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed.  Plaintiff must ensure that any amended complaint carries the same case number as his original complaint.  If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that Plaintiff's original complaint be served on Officers Alvis and Pope, and that Plaintiff be permitted to pursue only his excessive force claim against these two Defendants.  The Court will further recommend that all other claims and Defendants be dismissed pursuant to 28 U.S.C § 1915A(b)(1).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 9

1    The Clerk is directed to send Plaintiff the appropriate forms so that he may file an

2    amended complaint.  The Clerk is further directed to send copies of this Order to Plaintiff and to

3    the Honorable Tana Lin.

4        DATED this 21st day of July, 2022.

5

6                                        _____
                                         S. KATE VAUGHAN
7                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 10