1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEJANDRO VELASQUEZ MENDOZA,

                  Plaintiff,

    v.

MICKEY C. ALVIS, *et al*.,

                  Defendants.

Case No. C22-924-TL-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Alejandro Mendoza is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. This action arises out of events that occurred in 2019 while Plaintiff was confined at the Monroe Correctional Complex ("MCC") – Special Offender Unit ("SOU") in Monroe, Washington. Service has not yet been ordered in this action. This matter is before the Court at the present time for screening of Plaintiff's amended complaint. Plaintiff asserts in his amended complaint that Defendants have violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *See* Dkt. 8. Plaintiff identifies the following five Defendants in his amended pleading: MCC Correctional Officers Mickey

REPORT AND RECOMMENDATION - 1

Alvis and Stephen Pope; MCC-SOU Custody Unit Supervisor ("CUS") Ashen Deshev; MCC-SOU Superintendent Jack Warner; and Washington Department of Corrections ("DOC") Manager Tim Thrasher. *Id.* at 4-5.

The Court, having reviewed Plaintiff's amended complaint, concludes that Plaintiff has alleged only one viable constitutional claim therein. In particular, Plaintiff has adequately alleged an Eighth Amendment claim against Officers Alvis and Pope based on their alleged use of excessive force against him in July 2019, and this Court therefore recommends that Plaintiff be permitted to proceed on that claim. The Court further recommends that all remaining claims against all remaining Defendants be dismissed, prior to service, as Plaintiff has not adequately alleged any additional claims upon which relief may be granted.

## II.    BACKGROUND

Plaintiff submitted his original complaint to the Court for filing on July 1, 2022.[1] *See* Dkt. 1. Plaintiff alleged therein violations of his constitutional rights arising out of his confinement at the MCC-SOU. *See* Dkt. 4. Specifically, Plaintiff alleged that Officers Alvis and Pope used excessive force against him in violation of his rights under the Eighth Amendment, that Officer Pope retaliated against him in violation of his rights under the First Amendment, and that CUS Deshev and Superintendent Warner were deliberately indifferent to "Policies, Practices, Customs, [and] Training" in violation of his rights under the Fourth and Fourteenth Amendments. *See id*.

The Court screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a) and determined that though the facts alleged by Plaintiff were arguably sufficient to state a plausible

---

[1] Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") with his complaint. *See* Dkt. 1. However, before the Court could rule on Plaintiff's IFP application, Plaintiff paid the $402 filing fee for this action which rendered the application moot.

REPORT AND RECOMMENDATION - 2

excessive force claim against Officers Alvis and Pope, Plaintiff had not adequately alleged any other cause of action in his complaint. Thus, on July 21, 2022, the Court issued an Order declining to serve Plaintiff's original complaint and granting him leave to file an amended complaint. Dkt. 5. The Court identified therein the general pleading standards applicable to actions brought under § 1983, as well as the standards applicable to the specific claims Plaintiff appeared to be asserting in his pleading but had not adequately pled. *Id*. at 4-6, 8. The Court went on to explain the ways in which Plaintiff's claims were deficient in relation to the applicable standards. *See id*. at 5-9. Plaintiff was granted 30 days within which to file an amended pleading curing the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the noted deficiencies, the Court would recommend that he be permitted to proceed on his excessive force claim against Officers Alvis and Pope, and that all other claims and Defendants be dismissed. *Id*. at 9.

Plaintiff submitted an amended complaint to the Court for review on August 12, 2022, together with a number of supporting documents. Dkts. 8, 8-1. Plaintiff's amended complaint is substantially similar to his original complaint, in that he identifies the same claims against the same Defendants, and he alleges many of the same facts. *See id*. The documents submitted by Plaintiff in support of his amended complaint are also identical to those submitted with his original complaint. *See* Dkts. 4-1, 8-1. The only difference between the two pleadings is that Plaintiff sets forth some additional facts in his amended pleading in support of the claims alleged in his second and third counts. However, those additional facts lack clarity and are insufficient to cure the defects identified in Plaintiff's original complaint.

REPORT AND RECOMMENDATION - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### III.    DISCUSSION

**A.    Legal Standards**

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that

caused the deprivation complained of.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under 42 U.S.C. § 1983.  *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013).  A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation."  *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

### B.     Analysis

#### 1.     Excessive Force

Plaintiff alleges in the first count of his amended complaint that Officers Alvis and Pope used excessive force against him, in violation of his rights under the Eighth Amendment, in an incident that occurred at the MCC-SOU on July 11, 2019.  Dkt. 8 at 6.  Specifically, Plaintiff alleges that Officers Alvis and Pope "attacked and assaulted" him, and thereafter fabricated reports regarding the use of force incident.  *Id*. at 6-7.  Plaintiff claims that the officers concealed a razor in his sock and that they then questioned him about the razor which Plaintiff denied was in his possession.  *Id*. at 7.  Plaintiff was placed in a nearby holding cell and the razor was confiscated following a strip search conducted by Officer Pope.  *Id*.  After the razor was confiscated, Plaintiff was placed in handcuffs and was escorted to his assigned cell.  *Id*.

1    Plaintiff claims that upon arrival at his cell front, Officer Alvis "became malicious and

2 attacked me because he was mad." *Id*. at 8.  According to Plaintiff, Officer Alvis placed his

3 hands on Plaintiff's head and slammed him to the ground, then "bent and contorted" Plaintiff's

4 hand while making eye contact with Officer Pope, thereby encouraging him to "follow suit."  *Id*.

5 Plaintiff claims that Officer Pope then began to apply "contorted pressure" on his toe.  *Id*.

6 Plaintiff asserts that the officers sustained this "contorted pressure" for a long period of time

7 while he screamed in pain.  *Id*.  Additional officers thereafter arrived at the location where the

8 incident was unfolding and began screaming at Plaintiff to follow directives, including one that

9 Plaintiff lay on his side even though he was already in that position.  *Id*.  Plaintiff claims that at

10 one point after the additional officers arrived, an unidentified officer kicked him in the chin.  *Id*.

11    Plaintiff further claims that once he was in his cell, the officers deliberately falsified

12 reports, stating that Plaintiff had threatened to kill them, and that they did so because Plaintiff

13 requested evidence of the encounter and told officers he was going to sue them.  *Id*. at 8-9.

14 Plaintiff asserts that he was in excruciating pain following the assault and felt that bones had

15 been broken.  *Id*. at 9.  According to Plaintiff, x-rays were taken which indicated there were no

16 fractures.  *Id*.  Plaintiff maintains, however, that he "suffered the pain of a fracture," and

17 complains that he never received any follow-up or pain medications.  *Id*.

18    Plaintiff's alleged facts are arguably sufficient to state a plausible excessive force claim

19 against Officers Alvis and Pope.  The Court observes, however, as it did in its Order declining to

20 serve Plaintiff's original complaint, that to the extent Plaintiff intends to assert that other

21 unidentified officers employed excessive force against him, or that he was denied adequate

22 medical care for his injuries, his allegations lack sufficient specificity to state viable claims for

23 relief.  *See* Dkt. 5 at 5.  The Court further observes that, to the extent Plaintiff intends to allege in

REPORT AND RECOMMENDATION - 6

the first count of his amended complaint that officers deliberately falsified reports against him, his claims do not implicate Eighth Amendment concerns and are, in fact, too vague and conclusory to implicate any of the named Defendants in the violation of his federal constitutional rights.

In sum, this Court concludes that Plaintiff should be permitted to proceed with his excessive force claim against Officers Alvis and Pope, and that any intended claims challenging the adequacy of the medical care Plaintiff received following the excessive force incident or the content of officers' reports regarding the incident should be dismissed.

### 2.    Retaliation

Plaintiff alleges in the second count of his amended complaint that Officer Pope retaliated against him in violation of his rights under the First Amendment. Dkt. 8 at 11.  As in Plaintiff's original complaint, the facts set forth by Plaintiff in support of the retaliation claim alleged in his amended complaint are not entirely clear.  Plaintiff appears to assert that Officer Pope filed false infractions against him in September 2019 because Plaintiff had threatened to sue him in relation to the alleged July 2019 excessive force incident and had filed a grievance relating to that incident.  *Id*.  Plaintiff also appears to claim that Officer Pope retaliated against him for filing another grievance in August 2019.  *See id*. at 12.  In particular, Plaintiff references a grievance he filed on August 19, 2019, in which he complained that Office Pope, on August 17, 2019, had appeared at his cell front and attempted to intimidate him in retaliation for Plaintiff submitting another unspecified grievance.  *See id*.; *see also* Dkt. 8-1 at 25.  Finally, Plaintiff suggests that Officer Pope has engaged in a pattern of retaliatory conduct.  Dkt. 8 at 13-14.

A First Amendment retaliation claim in the prison context has five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate, (2) because of, (3)

REPORT AND RECOMMENDATION - 7

1    that prisoner's protected conduct, and that such action, (4) chilled the inmate's exercise of his

2    First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

3    goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). To prevail on a retaliation

4    claim, "a plaintiff must show that his protected conduct was the substantial or motivating factor

5    behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation

6    and internal quotation omitted).  In addition, a plaintiff "bears the burden of pleading and

7    proving the absence of legitimate correctional goals for the conduct of which he complains."

8    *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995).  The Court evaluates a retaliation claim in

9    light of the deference accorded to prison officials. *Id.* at 807.

10          The facts alleged by Plaintiff in support of his retaliation claim are insufficient to state a

11   viable claim for relief.  Plaintiff alleges that Officer Pope filed false infractions against him in

12   retaliation for Plaintiff threatening to sue him and for filing a grievance in relation to the alleged

13   July 2019 use of force incident.  Dkt. 8 at 11.  Attachments to Plaintiff's amended complaint

14   reveal that the two infractions referenced by Plaintiff were issued on successive days in

15   September 2019 and that Officer Pope alleged in both infractions that Plaintiff had directed

16   abusive language towards staff.  *See* Dkt. 8-1 at 5, 8.  Plaintiff indicates in his amended

17   complaint that he was found not guilty of at least one infraction, and he appears to be of the

18   belief that this supports his claim that the infractions were retaliatory.  *See* Dkt. 8 at 11.

19   However, this fact alone does not support the conclusion that Plaintiff's threat to sue Officer

20   Pope and/or his filing of a grievance relating to the use of force incident were the motivating

21   factors behind Officer Pope's issuance of the infractions, and there are additional facts in the

22   record which weigh against such a conclusion.

23

REPORT AND RECOMMENDATION - 8

Of particular note is the fact that the alleged excessive force incident, when Plaintiff apparently threatened to sue Officer Pope, occurred almost two months before Officer Pope issued the infractions.  The record also demonstrates that Plaintiff filed his grievance against Officers Pope and Alvis concerning the excessive force incident a month and a half before Officer Pope issued the infractions, and that the grievance had been resolved in the officers' favor before the infractions were issued.  *See* Dkt. 8-1 at 9-11.  It is also notable that Plaintiff received an infraction in August 2019 for behavior consistent with that alleged in the two September infractions, and that Plaintiff was found guilty of the infractions on that occasion.  *Id.* at 30.  These facts undermine the suggestion that Officer Pope's issuance of the September 2019 infractions was related to the July 2019 incident.

As noted above, Plaintiff also references in his amended complaint a grievance he filed concerning Officer Pope's conduct in August 2019.  Plaintiff does not specifically allege that the infractions written by Officer Pope in September 2019 were written in retaliation for the August 2019 grievance, though Plaintiff appears to infer that this might be the case.  *See* Dkt. 8 at 12.  However, the attachments to Plaintiff's amended complaint reveal that Plaintiff was instructed to re-write his August 19, 2019, grievance because additional information was required, and Plaintiff appears to concede in his amended complaint that he did not pursue the grievance further.  *See id.*, Dkt. 8-1 at 25.  As it appears that the referenced August 2019 grievance was effectively withdrawn, it seems unlikely that it could have been a motivating factor behind Officer Pope's issuance of the September 2019 infractions.

To the extent Plaintiff alleges that Officer Pope engaged in a pattern of retaliatory conduct, his allegations are too vague and confusing to state any viable claim for relief here. Finally, the Court observes that Plaintiff has alleged no facts in his amended pleading

REPORT AND RECOMMENDATION - 9

1    demonstrating that there was an absence of legitimate correctional goals underlying Officer

2    Pope's issuance of the September 2019 infractions, which is fatal to his retaliation claim.  In

3    sum, Plaintiff fails to state a plausible claim of retaliation against Officer Pope and this claim

4    should therefore be dismissed.

5                  3.       *Deliberate Indifference*

6              Plaintiff alleges in the third count of his amended complaint that CUS Deshev and

7    Superintendent Warner violated his rights under the Fourth and Fourteenth Amendments when

8    they were deliberately indifferent to "Policies, Practices, Customs, [and] Training."  Dkt. 8 at 12.

9    The facts alleged by Plaintiff in support of this claim for relief are also somewhat unclear.

10   Plaintiff appears to assert, however, that CUS Deshev, who was assigned to conduct the

11   investigation into Plaintiff's grievance concerning the use of force incident, conspired to cover-

12   up the excessive use of force.  *Id*.  Plaintiff appears to claim that CUS Deshev failed to collect all

13   of the statements relevant to the incident, and instead accepted fabricated statements from

14   Officers Alvis and Pope that Plaintiff had resisted their efforts to control him and had threatened

15   them as they escorted Plaintiff to his cell on July 11, 2019.  *See id*. at 15; *see also* Dkt. 8-1 at 21.

16            Plaintiff asserts, in relation to Superintendent Warner, that the Superintendent was

17   responsible for "lack of training and supervising," and that he knowingly contributed to the

18   violation of Plaintiff's rights when he rejected Plaintiff's grievance relating to the excessive

19   force incident.  *See* Dkt. 8 at 16; *see also* Dkt. 8-1 at 11

20            To the extent Plaintiff alleges that CUS Deshev conspired to cover up the use of

21   excessive force incident, he fails to allege any facts that might reasonably support such a claim.

22   To establish liability for a conspiracy in an action brought under § 1983, a plaintiff must

23   "demonstrate the existence of an agreement or meeting of the minds" to violate constitutional

rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Env'tl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)). While Plaintiff suggests in his amended complaint that CUS Deshev conspired with Officers Pope and Alvis to cover up the use of force incident, he fails to allege facts demonstrating that there was any agreement among these Defendants to violate his constitutional rights. Rather, Plaintiff speculates that a conspiracy must have existed because CUS Deshev concluded, following his investigation of Plaintiff's grievance pertaining to the excessive force incident, that Officers Alvis and Pope had not assaulted him as Plaintiff had alleged in his grievance, but had merely responded to an imminent threat posed by Plaintiff. *See* Dkt. 8 at 15; Dkt. 8-1 at 31-32. Plaintiff's position, as reflected in his grievance, was that he did nothing to provoke the officers. *See* Dkt. 8-1 at 9-11. Plaintiff's mere speculation, in the absence of any specific facts demonstrating an actual agreement between the Defendants to violate Plaintiff's rights, is insufficient to support his purported conspiracy claim.

To the extent Plaintiff intends to assert that CUS Deshev's conduct in relation to the grievance investigation was deficient, and to the extent Plaintiff asserts that Superintendent Warner violated his constitutional rights by denying his grievance relating to the excessive force incident, Plaintiff fails to identify a viable claim for relief. A prisoner does not have a constitutional right to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, any claim alleging deficiencies in the grievance process, including the way in which the grievance was investigated and resolved, necessarily fails to state a claim for relief under § 1983.

REPORT AND RECOMMENDATION - 11

Finally, to the extent Plaintiff claims that Superintendent Warner failed to properly train and supervise his employees, Plaintiff's claim is too vague and conclusory to state a plausible claim for relief against Superintendent Warner.

### 4.    Defendant Tim Thrasher

Plaintiff identifies DOC Manager Tim Thrasher as a Defendant in his amended complaint, just as he did in his original complaint. *See* Dkt. 4 at 2, 5; Dkt. 8 at 2, 5. The Court, in its Order declining to serve Plaintiff's original complaint, noted that Plaintiff had asserted no claims against Mr. Thrasher in the body of his pleading and went on to advise Plaintiff of what he would have to do in order to proceed against Mr. Thrasher. Dkt. 5 at 9. In particular, the Court advised Plaintiff that he would have to identify the conduct of Mr. Thrasher that was at issue, he would have to identify the constitutional right he believed was violated by Mr. Thrasher's conduct, and he would have to set forth clear and specific facts demonstrating that Mr. Thrasher's conduct rose to the level of a federal constitutional violation. *Id*.

In his amended complaint, Plaintiff indicates that he named Mr. Thrasher as a Defendant solely in his official capacity as a means of obtaining compensation from the State of Washington and the DOC for the alleged violations of his constitutional rights. Dkt. 8 at 9, 17. However, claims against a state employee in his or her official capacity are essentially claims against the state itself. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429-31 (1997). The United States Supreme Court has made clear that states are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). In addition, it is well established that, under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment

immunity for suits such as the one presented here.  *See Whiteside v. State of Washington*, 534 F.Supp. 774, 778 (E.D. Wash. 1982).  Thus, any claims for damages asserted against Mr. Thrasher in his official capacity are barred by the Eleventh Amendment.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff be permitted to proceed on the excessive force claim he alleges against Correctional Officers Mickey Alvis and Stephen Pope.  The Court further recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b), as to all remaining claims and Defendants based upon Plaintiff's failure to state any additional claims upon which relief may be granted.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 7, 2022**.

DATED this 13th day of September, 2022.


S. KATE VAUGHAN
United States Magistrate Judge


REPORT AND RECOMMENDATION - 13