# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ALEJANDRO VELASQUEZ MENDOZA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MICKEY C ALVIS et al.,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-00924-TL-SKV<br><br>ORDER OVERRULING OBJECTIONS |

This matter comes before the Court on Plaintiff Alejandro Velasquez Mendoza's objections (Dkt. No. 14) to United States Magistrate Judge S. Kate Vaughan's Report and Recommendation (Dkt. No. 11). The Report and Recommendation reflects a pre-service screening of Plaintiff's Amended Complaint. 28 U.S.C. § 1915A(a) (mandating early screening and dismissal of a prisoner complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted"). Having reviewed the filings, governing law, and the relevant record, the Court OVERRULES Plaintiff's objections.

//

      Plaintiff brings a civil rights action under 42 U.S.C. § 1983. The full background of this case is detailed in the Report and Recommendation (Dkt. No. 11 at 2-3), and the Court will not repeat it here. In brief, Plaintiff's Amended Complaint asserts three counts: Count 1 alleges that Defendants Mickey Alvis and Stephen Pope used excessive force against him in violation of the Eighth Amendment; Count 2 asserts that Defendant Pope retaliated against him in violation of the First Amendment; and Count 3 claims that Defendants Deshev and Warner were deliberately indifferent to policies and practices in violation of the Fourth and Fourteenth Amendment. *See* Dkt. No. 8. Judge Vaughan recommends that Plaintiff be allowed to proceed with Count 1 of his Amended Complaint but that Counts 2 and 3 be dismissed. Dkt. No. 11 at 13.

      A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (stating that the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

      On October 4, 2022, Plaintiff filed timely objections to the Report and Recommendation. Plaintiff seems to believe that he stated a claim because Judge Vaughan found that he had set forth "some additional facts in his amended complaint *in support of* the claims alleged in his second and third counts" and he "us[ed] the magic words." Dkt. No. 14 at 3 (emphasis added). Simply setting forth additional facts is insufficient—additional facts that actually support the

claim are what is required. Further, the Court is uncertain what "magic words" Plaintiff refers to, but in any event, there are no particular "magic words" that are necessary to state a claim.

With regard to the retaliation claim (Count 2), Plaintiff's objection disputes Judge Vaughan's description of the timing of the excessive force incident and the infractions Plaintiff believes are retaliatory. Dkt. No. 14 at 4. A review of the documents submitted with the Amended Complaint reveal no error on the part of Judge Vaughan. *See* Dkt. No. 8-1. Plaintiff's objection also restates that he believes Defendant Pope fabricated the infraction (Dkt. No. 14 at 4), and that he properly asserted retaliation in his Amended Complaint with regard to the August 2019 grievance. *Id.* However, Plaintiff neither addresses nor disputes Judge Vaughan's finding that he did not pursue that grievance. *See* Dkt. No. 11 at 9; Dkt. No. 8-1 at 25.

As for the deliberate indifference claim (Count 3), Plaintiff states in his objection, as he did in his Amended Complaint, that Defendant Deshev must have conspired against him because Plaintiff alleges that Deshev covered up the excessive use of force. Dkt. No. 14 at 5; Dkt No 8 at 15. However, as Judge Vaughan correctly points out, Plaintiff alleges no specific facts demonstrating any agreement between Defendant Deshev and Defendants Pope or Mickey. Dkt. No. 11 at 11.

Finally, Plaintiff cites *Kentucky v. Graham*, 473 U.S. 159 (1985), in both his Amended Complaint (Dkt. No. 8 at 17) and objection (Dkt. No. 14 at 6). *Graham* does state the general proposition that a plaintiff who succeeds in an official-capacity action against a governmental employee (*i.e.*, for an allegedly unlawful action by that individual employee in the employee's official capacity) may be entitled to look for relief from the governmental entity. *Id.* at 171. But Plaintiff admittedly only seeks to sue Defendant Thrasher in his official capacity in an attempt to look for relief from the State of Washington or, in other words, as a stand-in for the state (versus suing Defendant Thrasher for any actions he actually took in his official capacity). Dkt. No. 8

at 17. As Judge Vaughan correctly points out, in § 1983 actions such as this one, the Supreme Court has made clear that states are not "persons" subject to suit under the statute. Dkt. No. 11 at 12 (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989)).

Nothing in Plaintiff's objections demonstrate that Judge Vaughan's order is clearly erroneous or contrary to law. Therefore, the Court OVERRULES Plaintiff's objections and ORDERS as follows:

(1) The Report and Recommendation is APPROVED AND ADOPTED.

(2) Plaintiff's Amended Complaint (Dkt. 8) and this action are DISMISSED without prejudice, under 28 U.S.C. § 1915A(b), as to Defendants Ashen Deshev, Jack Warner, and Tim Thrasher. Plaintiff's Amended Complaint is also DISMISSED without prejudice as to the retaliation claim asserted against Defendant Stephen Pope in the Second Count of Plaintiff's Amended Complaint. Plaintiff will be permitted to proceed only with respect to the excessive force claim alleged against Defendants Mickey Alvis and Stephen Pope in the First Count of his Amended Complaint.

(3) Judge Vaughan shall issue a service order directing service of Plaintiff's Amended Complaint on Mickey Alvis and Stephen Pope.

(4) Plaintiff's Motion for Clarification (Dkt. No. 23) is STRICKEN as moot.[1]

//
//
//

---

[1] Plaintiff's Motion for Clarification is not an actual motion. This pleading states that court must view all facts in his favor and points out that the magistrate judge mis-read an allegation in Count 1 of his complaint with regard to his possession of a razor. This particular fact does not affect the Court's decision, and Plaintiff is being allowed to pursue the claim in Count 1.

(5) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable S. Kate Vaughan.

Dated this 10th day of March 2023.

Tana Lin
United States District Judge