UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEJANDRO VELASQUEZ MENDOZA,

               Plaintiff,

   v.

MICKEY C. ALVIS, *et al.*,

               Defendants.

Case No. C22-924-TL-SKV

REPORT AND RECOMMENDATION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Alejandro Velasquez Mendoza filed his original complaint in this action on July 1, 2022, while he was confined at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. *See* Dkt. 1. Plaintiff asserted therein claims arising out of events that occurred in 2019 while he was confined at the Monroe Correctional Complex – Special Offender Unit ("MCC-SOU"). *See* Dkt. 4. Plaintiff filed an amended complaint on August 12, 2022, in which he asserted multiple causes of action against multiple defendants. *See* Dkt. 8. However, the only cause of action that remains at this time is Plaintiff's claim that MCC Correctional Officers Mickey Alvis and Stephen Pope violated his Eighth Amendment rights when they allegedly used excessive force against him during an incident that occurred at the MCC-SOU in July 2019. *See* Dkts. 11, 24.

REPORT AND RECOMMENDATION
PAGE - 1

Though Plaintiff actively litigated this action for many months, he has not been in contact with the Court since July 31, 2023, at which time he was confined at the Washington Corrections Center ("WCC").  *See* Dkts. 40-41.  On September 18, 2023, the Court and Defendants received notification that Plaintiff was no longer in prison and had been released to community custody.  *See* Dkt. 45.  Defendants' counsel thereafter apprised the Court that after receiving the notifications regarding Plaintiff's release, he contacted Plaintiff's community corrections officer ("CCO") and learned that Plaintiff had been classified as "absconded" effective September 12, 2023, and a Washington Department of Corrections ("DOC") Secretary's warrant had been issued for his arrest.  Dkt. 47, ¶ 5.

Defendants filed a motion for summary judgment on December 21, 2023, the deadline established by the Court for the filing of such motions.  *See* Dkts. 48-51.  Defendants' counsel advised the Court in a supporting declaration that as of December 20, 2023, Plaintiff remained subject to the DOC Secretary's warrant.  Dkt. 50, ¶ 6.  Counsel further advised that he was in possession of a letter from Plaintiff dated September 13, 2023, which provided an address in Vancouver, Washington.  *See id*.  Counsel represented to the Court that he had mailed copies of Defendants' summary judgment motion and supporting documents to Plaintiff at the address provided in the letter.  *Id*.  Plaintiff did not file any response to Defendants' motion, which was originally noted for consideration on January 19, 2024, and at no time since his release from custody has Plaintiff provided the Court with an updated address.

Given Plaintiff's failure to respond to Defendants' summary judgment motion and questions concerning his current whereabouts this Court, on February 23, 2024, issued an Order directing Plaintiff to provide a status update and a current address.  Dkt. 53.  The Court noted therein that given the current state of the record, it was unclear whether Plaintiff had received

REPORT AND RECOMMENDATION
PAGE - 2

Defendants' motion papers, or whether he even wanted to pursue this action at this juncture. *Id*. Plaintiff was directed to inform the Court not later than March 18, 2024, whether he intended to proceed with this action, and also to confirm his current address. *Id*. Plaintiff was further directed to file a response to the pending motion for summary judgment by the same date if he intended to pursue this action, and he was advised that a failure to timely respond to the Order would result in a recommendation that this action be dismissed for failure to prosecute.

The Court's Order was not returned by the Post Office, suggesting that Plaintiff received it, but Plaintiff has not responded in any fashion to either the Order or to Defendants' summary judgment motion. It thus appears that Plaintiff has abandoned this action and this Court therefore recommends that Plaintiff's amended complaint and this action be dismissed, without prejudice, for failure to prosecute. This Court further recommends that Defendants' pending motion for summary judgment be stricken as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 26, 2024**.

DATED this 1st day of April, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3