1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

ALEJANDRO VELASQUEZ MENDOZA,

CASE NO. 2:22-cv-00924-TL-SKV

12

Plaintiff,

ORDER ON MOTION FOR
APPOINTMENT OF COUNSEL

v.

13

MICKEY C ALVIS et al.,

14

Defendants.

15
16

17        This matter is before the Court on Plaintiff Alejandro Velasquez Mendoza's Motion to

18   Appoint Counsel. Dkt. No. 57. Having considered Defendants' response (Dkt. No. 58) and the

19   relevant record, the Court DENIES Plaintiff's motion.

20                              I.      BACKGROUND

21        This is a civil rights action brought under 42 U.S.C. § 1983. Dkt. No. 1. Mr. Velasquez

22   Mendoza originally filed his complaint in July 2022, while he was confined at the Washington

23   State Penitentiary ("WSP") in Walla Walla, Washington. *Id.* Mr. Velasquez Mendoza asserted

24   claims arising out of events that occurred in 2019 while he was confined at the Monroe

Correctional Complex – Special Offender Unit ("MCC-SOU"). *See* Dkt. No. 4. In August 2022, Mr. Velasquez Mendoza filed an amended complaint asserting multiple causes of action against multiple defendants. Dkt. No. 8. The Court reviewed Mr. Velasquez Mendoza's complaint in accordance with 28 U.S.C. § 1915A(a). The only claim that remained after the review was his claim that MCC correctional officers Mickey Alvis and Stephen Pope violated his Eighth Amendment rights when they allegedly used excessive force against him during an incident that occurred at the MCC-SOU in July 2019. *See* Dkt. Nos. 11, 24.

Mr. Velasquez Mendoza actively litigated this action for many months, but stopped contact with the Court after July 31, 2023, at which time he was confined at the Washington Corrections Center ("WCC"). *See* Dkt. Nos. 40, 41. On September 18, 2023, the Court and Defendants received notification that Mr. Velasquez Mendoza had been released from prison to community custody. Dkt. No. 45. Defendants' counsel thereafter apprised the Court that after receiving the notifications regarding Mr. Velasquez Mendoza's release, he contacted Mr. Velasquez Mendoza's community corrections officer and learned that Mr. Velasquez Mendoza had been classified as "absconded" effective September 12, 2023, and that a Washington Department of Corrections ("DOC") Secretary's warrant had been issued for his arrest. Dkt. No. 47 ¶ 5.

Pursuant to Local Civil Rule 10(f), "any party not represented by an attorney must file a notice with the court of any change in address, telephone number or email address. Such notice must be received by the Clerk's Office within ten days of the change." At no time since Mr. Velasquez Mendoza's release from custody did he provide the Court with an updated address.

Defendants filed a motion for summary judgment on December 21, 2023. Dkt. No. 49. In a supporting declaration, Defendants' counsel advised the Court that Mr. Velasquez Mendoza remained subject to the DOC Secretary's warrant as of December 20, 2023, and that he was in

possession of a letter from Mr. Velasquez Mendoza dated September 13, 2023, which provided an address in Vancouver, Washington. Dkt. No. 50 ¶ 6. Counsel represented to the Court that he had mailed copies of Defendants' motion for summary judgment and supporting documents to Mr. Velasquez Mendoza at the address provided in the letter. *Id.* Mr. Velasquez Mendoza did not file any response to Defendants' motion.

Given Mr. Velasquez Mendoza's failure to respond to Defendants' motion for summary judgment and questions concerning his whereabouts, the Court issued an order directing Mr. Velasquez Mendoza to provide a status update and current address on February 23, 3034. Dkt. No. 53. In that order, the Court directed Mr. Velasquez Mendoza to inform the Court whether he intended to proceed with this action and to confirm his current address by March 18, 2024. *Id.* Mr. Velasquez Mendoza was further provided an additional opportunity to file a response to Defendants' motion for summary judgment by the same date, and was advised that a failure to timely respond to the order would result in a recommendation that this action be dismissed for failure to prosecute. *Id.*

The Court's order was not returned by the Post Office, suggesting that Mr. Velasquez Mendoza did receive it, but Mr. Velasquez Mendoza did not respond in any fashion to the order or to Defendants' motion for summary judgment. Subsequently, the Court noted that "[i]t thus appears that Plaintiff has abandoned this action." Dkt. No. 54. Magistrate Judge Vaughan, who oversaw this action, recommended dismissal of Mr. Velasquez Mendoza's action without prejudice for failure to prosecute, with Defendants' motion for summary judgment stricken as moot. *Id.* at 3. This Court adopted the recommendation and dismissed Mr. Velasquez Mendoza's amended complaint and this action without prejudice on April 26, 2024. Dkt. Nos. 55, 56.

Mr. Velasquez Mendoza now moves the Court for appointment of counsel. In his motion, Mr. Velasquez Mendoza explains that he was "incompetent and hospitalized [at] Western State

Hospital between December 2023 to February 2024, and hospitalized [two] different times" due to medical issues. Dkt. No. 57. Mr. Velasquez Mendoza also indicated that he was hospitalized immediately after his release from the Department of Corrections. *Id.* In response to Mr. Velasquez Mendoza's motion, Defendants' counsel inquired as to Mr. Velasquez Mendoza's statements regarding the dates of his hospitalization and received an email from the Director of Policy and Operations with the Behavioral Health Administration of the Department of Social and Health Services indicating that Mr. Velasquez Mendoza had been admitted to Western State Hospital between January 3, 2024 and March 11, 2024. Dkt. No. 58 at 3.

## II.   DISCUSSION

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (en banc). Instead, a court may appoint counsel for indigent civil litigants under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must at least consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quotation marks omitted) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they must be viewed together. *Id.*

However, the Court notes that Mr. Velasquez Mendoza's case is currently closed as the Judgment was filed on April 26, 2024. Dkt. No. 56. It would be inappropriate for the Court to address Plaintiff's motion for appointment of counsel when his case has already been dismissed.

While Mr. Velasquez Mendoza's case was dismissed without prejudice to him filing a new case, if appropriate, the Court also notes that Federal Rule of Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)); *see also* Fed. R. Civ. P. 60(b).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is DENIED.

Dated this 5th day of July 2024.

Tana Lin
United States District Judge